This is a suit for damages arising out of an intersectional collision. Plaintiff alleges that, on December 24, 1943 at about 11:30 p.m., he was driving his automobile on St. Claude Avenue in a downtown direction at a cautious and safe rate of speed; that he had entered the intersection of Independence street, and had traversed more than one-half thereof, when his car was struck on its right rear side by defendant's automobile, which had come into the crossing from Independence street at a speed of 35 miles per hour in violation of the city traffic ordinance; that the blow received by his car was so violent that it caused the automobile to veer from its course to the left and onto the neutral ground of St. Claude Avenue where it collided with a municipal electric light post some 15 feet from the point of the collision and that, as a result, the car sustained damage in the sum of $263.57 for which recovery is sought.
Defendant admits the happening of the accident but denies that it occurred in the manner as set forth by plaintiff. He avers that he was driving his car on Independence Street in the direction of St. Claude Avenue; that, upon reaching the riverside corner of the intersection, he brought his car to a complete stop; that his view of traffic proceeding on St. Claude Avenue in the direction of the Industrial Canal was obstructed by the presence of an automobile which was parked on the right-hand side of the riverside roadway of the Avenue; that, because of this, he proceeded out into the intersection in order to obtain a better view of oncoming traffic; that, after proceeding several feet out into the street, he brought his car to a stop; that, as he did so, he observed plaintiff's car travelling down the Avenue at a high rate of speed; that, as plaintiff neared the intersection, he applied his brakes causing the car to swerve or skid towards the right and strike the front left side of his automobile; that, as soon as plaintiff's car made contact with his automobile, plaintiff lost control of the vehicle and that it proceeded onto the neutral ground where it finally came to rest after knocking down a municipal electric lamp post located near the corner. Defendant further alleges that he was without fault in the premises but that, in the alternative, if the court should find otherwise, then plaintiff was guilty of such contributory negligence as to bar his recovery. In addition, defendant filed a reconventional demand seeking recovery of $256 from plaintiff which allegedly represents the damage sustained by his automobile in the accident.
After a trial on these issues, judgment was rendered in the First City Court dismissing the main and reconventional demands, as the Judge was of the opinion that the accident resulted from the joint and concurring negligence of the participants in the collision. Both parties have appealed.
[1] The foregoing statement of the pleadings in the case demonstrates that the only matters presented for review are questions of fact. The record reveals that the accident occurred in the middle of the riverside roadway of St. Claude Avenue where it intersects Independence Street. St. Claude Avenue is one of the principal traffic arteries of New Orleans. Beginning at Esplanade Avenue and extending to St. Bernard Parish, it consists of two paved roadways separated by a neutral ground. The riverside roadway accommodates traffic proceeding downtown, or towards the Industrial Canal, and the lakeside roadway is used exclusively by traffic travelling in the opposite direction, or towards Esplanade Avenue. Independence Street is one of the cross streets which intersect *Page 148 
St. Claude Avenue at right angles. It is an unpaved street and is, of course, subordinate to St. Claude Avenue in so far as the movement of traffic is concerned.
The weather conditions obtaining at the time of the accident were unfavorable as it was raining and the streets were wet and slippery. Plaintiff testified that he was travelling down the riverside roadway of St. Claude Avenue at a speed of 25 miles per hour; that, when he reached the corner of Independence Street, he proceeded on over the intersection as he did not see any traffic at or near the crossing; that, after he had preempted the intersection, he felt a crash on the right rear side of his automobile and that the blow must have knocked him unconscious because he does not remember the course taken by his car from the point of impact to the place where it collided with the lamp post on the neutral ground. It further appears that, when his car struck the lamp post, plaintiff and his passenger, a Mr. Breaud, were thrown out of the left front door thereof onto the neutral ground.
Mr. Breaud corroborates plaintiff's testimony in detail. He says that they were driving down St. Claude Avenue at a speed of 25 miles per hour; that they had preempted the intersection of Independence Street and were four-fifths across when, suddenly and without warning, the car received a blow on its right rear side and that he was thrown out of the left front door, on top of plaintiff, when the car collided with the lamp post.
On the other hand, defendant testifies substantially in accordance with the allegations contained in his answer. He says that he was travelling on Independence Street in the direction of St. Claude Avenue; that, when he reached the intersection of the riverside roadway of the Avenue, he brought his car to a complete stop; that he was unable to obtain a view of oncoming traffic on the Avenue due to the fact that his vision was obscured by an automobile which was parked on the right-hand side of the Avenue close to the intersection; that, in order to get a better view, he proceeded out into the intersection some 8 or 10 feet leaving sufficient room for traffic on St. Claude Avenue to proceed; that it was at that point that he saw plaintiff's car for the first time; that the car was about one-quarter of a block away and was travelling at a speed of 40 to 45 miles per hour; that plaintiff applied his brakes which caused his automobile to swerve or skid into the intersection on the wet pavement and that, while it was thus out of control, the rear right side thereof struck the front of his automobile which was stopped in the street in the position above described. He further says that, upon making contact with the front of his car, plaintiff's car swerved to the left and onto the neutral ground where it crashed against the electric standard near the corner.
The testimony of defendant is corroborated by an apparently disinterested witness, one Jesse J. Keen, formerly a sailor in the United States Navy. Mr. Keen asserts that he was driving down St. Claude Avenue in the direction of St. Bernard Parish; that plaintiff's car, which was travelling in the same direction, passed and overtook him about a block away from the intersection of Independence Street; that it was travelling at a speed of 50 to 60 miles per hour; that he watched the car pass; that, as it neared the intersection of Independence Street, he noticed its taillights "flare up", indicating that the driver was applying his brakes; that the car immediately started to swerve from side to side; that it entered the intersection in this manner and sideswiped the front end of defendant's car, which was in a stationary position at the crossing and that, upon making contact, plaintiff's car swerved to the left and onto the neutral ground where it came to rest after knocking down the light standard near the corner.
The Judge of the lower court, who saw and heard the witnesses, was of the opinion that Mr. Keen's testimony was true and that it was sufficient to warrant the conclusion that plaintiff approached the intersection at a highly reckless rate of speed which prevented him from retaining full control of his vehicle. The Judge also believed that defendant was likewise guilty of fault in that his movements, just prior to the accident, exhibited that he did not exercise a proper lookout and failed to have his car under control. After a careful review of the evidence, we fail to perceive manifest error in the Judge's appreciation of the facts.
However, counsel for plaintiff, in urging that the conclusion reached below is wrong, argues that the physical facts demonstrate that that accident could not have occurred in the manner set forth by defendant and *Page 149 
his witness, Keen. He proclaims that, if the right rear side of plaintiffs car had struck the left front end of defendant's automobile (as defendant maintains), the law of physics demanded that plaintiff's car would have veered to the right instead of the left and that defendant's car would not have remained in its stopped position.
We cannot agree with this postulation. If plaintiff's car came into the intersection out of control, swerving and skidding on the wet street (as avouched by defendant and his witness), it seems wholly logical that the sideswipe of the right rear side of the car against the front of defendant's vehicle would have caused it to veer to the left as soon as contact was made. Aside from this, it is well recognized that an automobile skidding on a wet street is not within the control of the driver and that it may partake a most unusual course of travel particularly where it strikes a glancing blow upon a stationary object at high speed.
[2] Counsel further contends that the Judge erred in dismissing plaintiff's suit for the reason that the defendant admitted, shortly after the occurrence of the accident, that he had insurance on his car and that the insurance company would pay plaintiffs damages. The answer to this proposition is two-fold. In the first place, defendant explains in his testimony that, while he was under the impression that he was covered by insurance and so stated, he actually said that plaintiff's damage would be paid "if I was in the wrong". Moreover, even if the statement attributed to defendant by plaintiff's witnesses be considered as an admission of fault, it would not excuse plaintiff's contributory negligence or deprive defendant of pleading such negligence as a bar to recovery.
Little need be said with respect to the judgment of the lower court on the reconventional demand for, although defendant has appealed therefrom, no serious complaint has been made in this court that the Judge erred in finding defendant guilty of fault. It suffices to remark, therefore, that there is ample evidence in the record to support the conclusion of the court below.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
WESTERFIELD, J., absent. *Page 212